IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KALENE DAN-JUMBO

    Plaintiff,

vs.                                                    Civil No. 05-463 WJ/LAM

BANK OF AMERICA, N.A.,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS AND REQUIRING
PLAINTIFF TO SHOW SUBJECT MATTER JURISDICTION**

      THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss (Doc. 7). Defendant filed its motion on March 6, 2006. Plaintiff has not filed a response. On May 19, 2006, Defendant filed a Notice of Completion indicating that the motion was fully briefed and ready for the Court. Having reviewed the motion and the record in this case, I find the motion is not well taken to the extent it requests dismissal under Fed. R. Civ. P. 4(m). I also find the motion is not well taken to the extent it requests dismissal under Fed. R. Civ. P. 12(b)(6). However, Plaintiff will be ordered to show that she has met the jurisdictional prerequisite for her Title VII claim in Count I or have the claim dismissed.

**BACKGROUND**

      Plaintiff filed her Complaint *pro se* on April 25, 2005. On May 3, 2005, Plaintiff's application to proceed *in forma pauperis* and the Court's Order granting the application were docketed in this case. See Docket No. 2. On the same date, summonses were issued and

forwarded to the United States Marshall to effect service.  The United States Marshall did not effect proper service until February 24, 2006.

Plaintiff's Complaint alleges three counts:  Count I alleges race discrimination in violation of Title VII, Count II alleges "verbal discriminatory assault," and Count III alleges "slander by race."  Plaintiff states in her Complaint that she is Black.  She alleges that she was not provided with substantial evidence when she received professional discipline.  She was told that she had to work at other call centers because her voice was not functional enough.  She was threatened with termination without cause.  She was told that her type should be able to work more efficiently at another call center, and, with a voice like hers, she belonged at a different call center.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987).  When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff.  Tonkovich v. Kansas Bd. of Regents, University of Kansas, 254 F.3d 941, 943 (10th Cir. 2001).  To state a claim under Fed. R. Civ. P. 8(a)(2), the plaintiff must offer a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Conley v. Gibson, 355 U.S. 41, 47 (1957).  The Supreme Court has emphasized that the requirements at the pleading stage are de minimus.  Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002) (a court may dismiss a complaint only if it is clear that no relief could be granted under any

set of facts that could be proved consistent with the allegations); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998) (the court must presume that the general allegations in the complaint encompass the specific facts necessary to support those allegations).

**DISCUSSION**

I.   DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EFFECT TIMELY SERVICE

Defendant moves to dismiss Plaintiff's Complaint because Defendant was not properly served until ten months after Plaintiff filed her Complaint. When a plaintiff is granted *in forma pauperis* status, the district court is required to serve process for the plaintiff. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2); Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003). A plaintiff proceeding *in forma pauperis* is entitled to rely on service by the U.S. Marshal, and the responsibility for failure to serve rests with the Marshal or with the district court unless a plaintiff has failed to cooperate with the U.S. Marshal Service or was otherwise not entitled to their service. Olsen, 333 F.3d at 1204-05. A district court abuses its discretion if it dismisses the Complaint of a Plaintiff proceeding *in forma pauperis* for failure to comply with Rule 4 unless the Plaintiff has some culpability for the Rule 4 violation. See Olsen, 333 F.3d at 1205. Because there is no evidence that Plaintiff failed to cooperate with the U.S. Marshal Service to effect timely service, the Court will deny Defendant's motion to dismiss for untimely service.

II.  DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A.   Count I

Defendant moves to dismiss Plaintiff's claim in Count I because Plaintiff did not allege the exhaustion of administrative remedies under Title VII. Defendant brought this motion pursuant to

3

Fed. R. Civ. P. 12(b)(6). Administrative exhaustion is a jurisdictional prerequisite for a claim under Title VII. Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996). However, this Court is not convinced that a Complaint must allege administrative exhaustion for a Title VII claim in order to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and Defendant has cited to no controlling authority or weight of authority for this proposition. Under the pleading requirements of Fed. R. Civ. P. 8., there is no indication that a plaintiff must plead specific facts to meet each technical element of a claim. Accordingly, I will deny Defendant's motion to dismiss for failure to state a claim with respect to Count I of Plaintiff's Complaint.

That does not, however, end the Court's inquiry with regard to Count I. While Defendant's motion was made pursuant to Fed. R. Civ. P. 12(b)(6), it did raise an issue with regard to this Court's subject matter jurisdiction, and the Court has an independent duty to examine its subject matter jurisdiction. Davis ex rel. Davis v. U.S., 343 F.3d 1282, 1295 (10th Cir. 2003). Federal Courts are courts of limited jurisdiction and thus, the party invoking the jurisdiction of the federal court bears the burden of establishing jurisdiction. See Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). When examining the issue of subject matter jurisdiction, a Court may examine matters outside the pleadings including affidavits or other evidence. Sizova v. National Institute of Standards & Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). Plaintiff filed her Complaint originally in this Court and is the party invoking this Court's jurisdiction. Accordingly, Plaintiff is ordered to show that she has met the administrative exhaustion requirement of Title VII by providing some evidence of administrative exhaustion. Plaintiff must file such evidence no later than Friday June 23, 2006. If Plaintiff fails to file evidence of exhaustion, the Court will

4

conclude that Plaintiff has failed to exhaust her administrative remedies with regard to her Title VII claim in Count I, and the claim will be dismissed for lack of subject matter jurisdiction.

B.      Counts II and III

Defendant contends that Plaintiff fails to state a claim in Counts II and III because she does not plead any facts that, if proven, would entitle her to relief on these claim.  Count II alleges a claim verbal discriminatory assault.  An assault under New Mexico law requires an act, threat or menacing conduct which causes a plaintiff to reasonably believe she is danger of receiving an immediate battery with battery defined as an unlawful, harmful, intentional or offensive touching of another.  Chavez v. Thomas & Betts Corp., 396 F.3d 1088, 1100 (10th Cir. 2005).  Plaintiff's claim in Count III is a claim for slander by race.  The Court construes this as a claim for defamation which includes both libel and slander.  A claim of defamation requires that a defendant publish a defamatory communication that contains a false statement of fact concerning the Plaintiff that caused an actual injury to the Plaintiff's reputation.  See Schuler v. McGraw-Hill Companies, Inc., 989 F.Supp. 1377, 1383 (D.N.M. 1997).  The Court cannot conclude that Plaintiff could prove no set of facts consistent with the allegations in her complaint that would entitle her to relief on these claims.  Accordingly, Defendant's motion to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6) will be denied.

Finally, the Court is aware that Plaintiff filed a motion for appointment of counsel, and that the motion was denied because Plaintiff had failed to show financial inability to pay an attorney, diligence in attempting to secure counsel, and meritorious allegations of discrimination.  The Court recommends that Plaintiff make diligent efforts to secure counsel because, while a party has the right to represent herself, the civil rights statutes are extremely complicated and

difficult to understand even for the most experienced lawyers and judges.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 7) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff file a brief with exhibits showing that she has exhausted her administrative remedies with regard to her Title VII claim in Count I.  This must be filed no later than 5:00 p.m. June 23, 2006.  If Plaintiff fails to file evidence of administrative exhaustion by the required time, the Court shall dismiss the Title VII claim for lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE